GALBRAITH & MALONEY *v.* KNOXVILLE.

(*Knoxville.* October 13, 1900.)

MUNICIPAL CORPORATIONS. *Not liable on bond, when.*

In an action on an alleged city bond, there can be no recovery where *non est factum* and statute of limitations are pleaded, where the bond had been due some fourteen years before institution of suit thereon, and there is no proof of the city's recognition of its existence or promise to pay it during that period by payment of interest thereon, or providing sinking fund for its payment, or otherwise.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. R. H. SANSOM, Sp. Ch.

WELCKER & PARKER for Galbraith & Maloney.

T. L. CARTY for Knoxville.

WILKES, J. This is an action upon what purports to be a coupon bond for $100 of the city of Knoxville, issued in 1855 and maturing 30 years after issuance. Coupons are on the bond from July 1, 1863, to maturity. The bond matured in 1885 and suit was brought May, 1898.

The defenses interposed are *non est factum* and the statute of limitations. The Chancellor gave decree for the principal of the bond, $100, and $12.50 interest, in all $112.50, and costs, and the city appealed.

The Court of Chancery appeals reversed the Chancellor and dismissed the bill and complainants appealed to this Court and have assigned errors.

These assignments are that the Court of Chancery Appeals erred in sustaining the pleas of *non est factum* and the statute of limitations, and in dismissing the bill.

It was alleged in complainant's bill that the city levied a special tax to create a sinking fund for the payment of this bond, which is described as bond No. 4, and other bonds of similar import and of the same series, and that said sinking fund was to be held by the city to pay off said bond when it became due and that the city thus created a fund which it held as an express trustee for the payment of the bonds.

Upon this feature of the case the answer says: "It is not true, as alleged by the complainant, that it (the defendant) levied a special tax to create a sinking fund to pay said bond No. 4, series of 1855. Nor did it levy a special tax wherewith to pay the interest on said bond of said series. The interest on said bonds was regularly paid without default out of the general revenues of the defendant and the sinking fund

was likewise created for the purpose of paying said bonds at maturity. It is not true, as alleged by complainants, that the sinking fund is now in the hands of the defendant or that the defendant has held or still holds said sinking fund for the payment of said bond No. 4, series of 1855, either in its own right or as trustee for complainants. The defendant has no sinking fund whatever, and has not had such a sinking fund since 1896. The defendant has no such fund which it holds as trustee or otherwise for the payment of said bond No. 4, or the interest coupons attached thereto."

The Court of Chancery Appeals construed this language to mean that the city created a sinking fund to pay the bonds of this series, except bond No. 4, and that inasmuch as the complainants are relying upon this admission in the answer to establish the fact that there was a sinking fund, they must take the language as they find it, giving it its natural construction, and inasmuch as this statement in the answer is the only ground upon which complainant can base a contention that there was a sinking fund for the benefit of bond No. 4, their contention on this feature is not established. We think the construction placed upon this language by the Court of Chancery Appeals is correct, but whether this be so or not, the establishment of such sinking fund is only material as bearing on the pleas of *non est factum*

and statute of limitations, upon the idea and theory that the city in this way recognized the validity of the bond and its ·liability for its payment. But is does not follow, even if it be conceded that a sinking fund was established, that the validity of this particular bond is established. If it be granted that a sinking fund was created to retire all the bonds, including No. 4, it does not follow that the identity of this particular bond as a valid bond, No. 4, is established in the face of the plea of *non est factum*. The fact that a sinking fund was established does not prove the validity or identity of the particular bond sued on.

With this feature of the case eliminated, to wit, the creating and holding of a sinking fund, not being shown, the plea of *non est factum* is good, as there is no proof of its execution by the city, and the plea of the statute of limitations is likewise good, as the bond matured in 1885 and the suit was not brought until 1898, or 13 years after maturity.

We think there is no error in the decree of the Court of Chancery Appeals, and that the same result would follow from the failure to identify this bond sued on as the bond No. 4 issued by the city.